## WEBB v. ARNOLD.

LANDLORD'S LIEN:    *Attachment to enforce.*

Where a tenant, by the consent of his landlord, removes part of the crop from the
premises where it was grown, to sell it for the purpose of paying a debt to a
third person, the failure to apply to the payment of the rent the excess of the
proceeds after the satisfaction of the debt, is no ground for attachment.

APPEAL from *Sebastian* Circuit Court.

JOHN S. LITTLE, Judge.

This was a proceeding under sec. 4459 Mansf. Dig., to en-
force by attachment the lien of a landlord on the crop of his
tenant, consisting of corn and cotton.    The statute provides
that "any landlord who has a lien on the crop for rent shall
be entitled to bring suit before a justice of the peace, or in
the Circuit Court, as the case may be, and have a writ of at-
tachment for the recovery of the same, whether the rent be
due or not, in the following cases:

"First.    When the tenant is about to remove the crop
from the premises without paying the rent.

"Second.    When he has removed it, or any portion
thereof, without the consent of the landlord."

The attachment was obtained in this case on the alleged
ground that the tenant had removed the crop, or a portion of
it, without the landlord's consent.    On the trial there was evi-
dence to show that the plaintiff had authorized the defendant
to sell two or three bales of the cotton for the purpose of pay-

Webb v. Arnold.

ing a debt due to one Howard, and for which the plaintiff was surety. The judgment was for the defendant, and the plaintiff appealed.

*Charles M. Cook* and *Joseph M. Hill*, for appellants.

The evidence in the cause shows that the tenant *did remove* a portion of the crop without the consent of the landlord. This was sufficient to sustain the attachment. *Mansf. Dig., sec. 4459 and Ark. Rep. passim.* See, also, *Jones on Liens, secs. 579, 1015.*

The intention of the landlord must be inferred from all the "attendant circumstances." *32 Me., 211; 27 Mich., 6; Jones Liens, sec. 579.*

PER CURIAM. There was evidence to justify the jury in finding that the landlord consented to the removal of the cotton from the premises where it was grown, and it was in proof that the tenant was authorized by the landlord to sell two or three bales of cotton to pay the Harwood debt, for which the landlord was surety. He sold two bales for $81, and out of the proceeds paid the Harwood debt of something over $50, and devoted the residue to the payment of his creditors.

The consent of the landlord to the removal and sale of the cotton was the gist of the defense to the attachment, and when that was proved, the ground of the attachment failed. The failure to devote the excess of the proceeds of sale, made by consent of the landlord, to the payment of rent, was not a ground for attachment. The appellant has pointed out no error for which the judgment should be reversed.

Affirm.